# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION


KAREN  J. ALLEN,                                                                    PLAINTIFF

V.                                                                         NO. 1:04V341-EMB

COMMISSIONER OF SOCIAL SECURITY,                                       DEFENDANT


## MEMORANDUM OPINION

Plaintiff Karen J. Allen seeks judicial review pursuant to Sections 405(g) and 1383 of the

Social Security Act (the "Act") of the final decision of the Commissioner of Social Security (the

"Commissioner"), which denied her application for Supplemental Security Income benefits

("SSI") under Title XVI of the Act.  The parties in this case have consented to entry of final

judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with

any appeal to the Court of Appeals for the Fifth Circuit.

## Procedural History

Plaintiff filed an application for SSI benefits on September 19, 2001, alleging a disability

onset date of August 9, 2001.  (Tr. 74-82).  Her claim was denied initially and on reconsidera-

tion, (Tr. 29-36, 39-42), and a request for hearing was timely filed.  Plaintiff appeared and

testified at a hearing before an administrative law judge ("ALJ") on October 6, 2003, in Corinth,

Mississippi.  (Tr. 328-354).  Plaintiff was represented by an attorney.  *Id*. at 328.  Plaintiff's

attorney was able to examine and question plaintiff fully during the hearing.  (Tr. 331-347).  The

ALJ denied plaintiff's application on January 25, 2004, (Tr. 18-24), finding plaintiff was not

disabled as defined in the Act.  *Id.*  Plaintiff then filed a Request for Review of Hearing Decision/

Order, which the Appeals Council denied on June 4, 2004. (Tr. 9-11).  On this action of the

Appeals Counsel, the ALJ's decision became the final decision of the Commissioner in this case.

*See* 20 C.F.R. §§ 404.981, 416.1481.  Plaintiff now seeks judicial review by the district court.

The court notes that plaintiff had previously filed for both disability benefits and SSI, those

claims being denied in October 2000. (86).

**Standard of Review**

This Court reviews the Commissioner's/ALJ's decision only to determine whether it is

supported by "substantial evidence" on the record as a whole and whether the proper legal

standards were applied.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  "Substantial

evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.'" *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d

842 (1971)).  Furthermore, in applying the substantial evidence standard, this Court scrutinizes

the record to determine whether such evidence is present.  This Court will not re-weigh the

evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner.  *Id.*,

citing *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989); *see also Myers v. Apfel*, 238

F.3d 617, 619 (5th  Cir. 2001).

**Law**

To be considered disabled and eligible for benefits, plaintiff must show that she is unable

"to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)

(A), 1382c(a)(3)(A).  The Commissioner has promulgated regulations that provide procedures for

evaluating a claim and determining disability.  20 C.F.R. §§ 404.1501 to 404.1599 &

Appendices, §§ 416.901 to 416.998 1995.  The regulations include a five-step evaluation process

for determining whether an impairment prevents a person from engaging in any substantial

gainful activity.[1]  *Id.*  §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.

1994); *Moore v. Sullivan*, 895 F.2d 1065, 1068 (5th Cir. 1990).  The five-step inquiry terminates

if the Commissioner finds at any step that the claimant is or is not disabled.  *Leggett v. Chater*,

67 F.3d 558, 564 (5th Cir. 1995).

---

[1]The five-step analysis requires consideration of the following:

First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled.  *Id.*  §§ 404.1520(c), 416.920(c).

Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence.  *Id.* §§ 404.1520(d), 416.920(d).

Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated.  If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled.  *Id.*  §§ 404.1520(e), 416.920(e).

Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy.  If the claimant cannot meet the demands, he or she will be found disabled.  *Id.*  §§ 404.1520(f)(1), 416.920(f)(1).  To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns.  When the findings made with respect to claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled.  *Id.* § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969 (1994)("Medical-Vocational Guidelines").

The claimant has the burden of proof under the first four parts of the inquiry. *Id.* If she successfully carries this burden, the burden shifts to the Commissioner to show that other substantial gainful employment is available in the national economy, which the claimant is capable of performing. *Greenspan*, 38 F.3d at 236; *Kraemer v. Sullivan*, 885 F.2d 206, 208 (5th Cir.1989). When the Commissioner shows that the claimant is capable of engaging in alternative employment, "the ultimate burden of persuasion shifts back to the claimant," *Id.*; *accord Selders*, 914 F.2d at 618.

The Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history," *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

## Statement of Facts

The plaintiff was 51 years old at the time of the hearing before the ALJ on October 6, 2003. (Tr. 331). She completed high school, and her past employment included work as a store clerk and sewing machine operator. (Tr. 332, 350). She alleges disability as of August 9, 2001, due to chronic obstructive pulmonary disease ("COPD"), asthmatic bronchitis, chronic bronchitis, fatigue, myalgia, anxiety, restless leg syndrome and possible sleep apnea. Plaintiff's Brief at p. 2.

After review and evaluation of the medical evidence of record, the subjective testimony at the hearing, (Tr. 331-49), and the testimony and interrogatory responses of a vocational expert (Tr.122-26, 350), the ALJ made the following findings:

1.      The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2.  The claimant's asthma is a severe impairment, based upon the requirements in the Regulations (20 CFR § 416.921).
3.  This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4
4.  The claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.
5.  Consideration was given to the medical opinions in the record regarding the severity of the claimant's impairment (20 CFR §416.927).
6.  The claimant has the following residual functional capacity: a full range of medium work.
7.  The claimant is unable to perform any of her past relevant work (20 CFR § 416.965).
8.  The claimant is an "individual closely approaching advanced age" (20 CFR 416.963).
9.  The claimant has a "high school (or high school equivalent) education" (20 CFR §416.964).
10. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR §416.968).
11. The claimant has the residual functional capacity to perform the full range of medium work (20 CFR ¶416.967).
12. Based on an exertional capacity for medium work, an the claimant's age, education, and work experience, a finding of "not disabled" is directed within the framework of Medical-Vocational Rule 203.22 and SSR 85.15.
13. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR §416.920(f)).

(Tr.23-24).

**Discussion**

Plaintiff suggests that substantial evidence supports a conclusion of disability. *See*

Plaintiff's Brief at p. 3. However, the Court reminds plaintiff that the role of this Court is not to

reweigh the evidence but, instead, determine whether substantial evidence supports the ALJ's

findings. Having established this, the Court finds that substantial evidence in the record supports

the ALJ's determination that plaintiff was not disabled during the period relevant to her

application.

The ALJ determined that plaintiff had only one severe impairment, asthma, and went on

to conclude that plaintiff retained the capacity for medium work. (Tr. 20, 23). Plaintiff argues

that the ALJ, having found a severe impairment, "failed to consider the totality of impairments" of plaintiff. Plaintiff's Brief at pl. 5. Plaintiff further argues that evidence regarding her pulmonary condition establishes that she is disabled. *Id*. I disagree.

First, the ALJ considered the medical evidence regarding all of plaintiff's impairments. As far as plaintiff's arthritis is concerned, in July 2003, she complained that her joints were "aching all over." (Tr. 225-226). By August 12, 2003, however, examination revealed she had normal range of motion and strength in her joints, and there was no joint enlargement or tenderness. (Tr. 214-217).

As concerns her restless leg syndrome, on August 12, 2003, she complained that restless legs kept her awake at night and that she was waking up with sore muscles in the lower back and shoulders. (Tr. 214). Her doctor's assessment included restless leg syndrome and possible sleep apnea. (Tr. 214-217). By August 26, 2003, however, plaintiff's restless leg syndrome had improved with exercise, and it was reported she had decided not to take the Topamax that had been prescribed. (Tr. 209-12). There was no mention of sleep apnea. *Id*.

In November 2001, spirometry pulmonary testing revealed mild obstruction pre and post medication. (Tr. 180). However, in February 2002, plaintiff's doctor indicated she was on no regular medications. (Tr. 278). Later, in January 2003, an imaging report indicated there was no acute cardiopulmonary disease. (Tr. 234). Then, in August 2003, plaintiff's doctor noted she smoked two packages of cigarettes each day and she had rhonchi in the upper airway with wheezes present diffusely. (Tr. 210-211). Despite this, it was indicated that there were no intercostal retractions or use of accessory muscles, (Tr. 211), and plaintiff carried on independent activities of daily living. (Tr. 209).

Lastly, as concerns plaintiff's anxiety, she underwent a comprehensive mental

examination in December 2001. (Tr. 194-97). It was noted that plaintiff only exhibited mild

situational anxiety and her overall emotional state was normal with no indication of depression.

(Tr. 196). And, though she reported anxiety and depression to her treating physician in August

2003, (Tr. 209), it was indicated that she had "just started back" on Prozac that had been

prescribed for her; and she had recently been under a lot of stress. *Id.*

Second, the ALJ considered other evidence regarding plaintiff's ability to perform work

activities. In September 2001, plaintiff reported to her doctors that she had been doing heavy

lifting in the form of caring for her son during a period when he was incapacitated. (Tr. 127).

She had also reported during her consultative psychological examination in December 2001 that

she had been performing household chores, including sweeping, mopping, vacuuming and doing

laundry. (Tr. 195). Additionally, a State Agency consultant concluded in November 2001 that

plaintiff could lift 50 pounds occasionally and 25 frequently; she could stand and/or walk about 6

hours in an 8-hour workday and sit for 6; and she had unlimited ability to push and/or pull. (Tr.

187).

Third, the ALJ weighed the evidence before him. The ALJ assigned little weight to Dr.

Senter's opinion that plaintiff was disabled due to her pulmonary condition because it conflicted

with the other medical evidence of record which indicated she had chronic but "routine"

ailments. (Tr. 21, 198-201). Plaintiff suggests greater weight should have been given to Dr.

Senter's opinion because he was her treating physician. However, "'the Commissioner is free to

reject the opinion of any physician when the evidence supports a contrary conclusion.'"

*Martinez v. Chater,* 64 F.3d 172, 176 (5th Cir. 1995) (*quoting Bradley v. Bowen*, 809 F.2d 1054,

1057 (5th Cir.1987)); *see also* 20 C.F.R. § 404.1527(c)(2) ("If any of the evidence in your case

record, including any medical opinion(s), is inconsistent with other evidence or is internally

inconsistent, we will weigh all the other evidence and see whether we can decide whether you are disabled based on the evidence we have .").  Based on the foregoing, I find substantial evidence supports the ALJ's determination that plaintiff retained the capacity for medium work.

As concerns plaintiff's RFC, the ALJ specified that plaintiff retained the capacity for medium work with some environmental limitations.  (Tr. 21-2).  He found plaintiff could not return to her past work, however, because the level of exposure to environmental irritants was not known.  *Id*. at 22.  Despite this, the ALJ determined plaintiff had the ability to perform other work.  In making this determination, the ALJ relied on the Medical-Vocational Guidelines (Grid rules).  (Tr. 22).  Plaintiff suggests the ALJ's finding at step five of the sequential analysis was erroneous because a vocational expert had determined there was no work plaintiff could perform in light of Dr. Senter's August 18, 2003 assessment.  Plaintiff's Brief at p. 5.

The Grid rules come into play at step five of the sequential evaluation process at which the Commissioner carries the burden to establish that the claimant possesses the residual functional capacity to perform alternative employment that exists in the national economy.  *See Bowen v. Yuckert*, 482 U.S. 137, 153, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).  When the characteristics of the claimant correspond to criteria in the Grids, and the claimant either suffers only from exertional impairments or her nonexertional impairments do not significantly affect her residual functional capacity, the ALJ may rely exclusively on the Grids in determining whether there is other work available that the claimant can perform.  *See Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir.1987) (citing 20 C.F.R. § 404.1569 & Subpart P., App. 2, § 200.00); *see also Dellolio v. Heckler*, 705 F.2d 123, 127-28 (5th Cir.1983).

In this case, the ALJ determined plaintiff had the RFC to perform substantially all the requirements for medium work and she had no nonexertional limitations.  (Tr. 22).  The ALJ had

deemed plaintiff's limitation on environmental irritants, as rendered by the medical consultant, not significant. *Id.* Indeed, the medical evidence indicated plaintiff had continued to smoke cigarettes despite her treating physician's statement that she must avoid smoke as an environmental irritant. (Tr. 201). Based on this and the fact that the ALJ had essentially rejected Dr. Senter's assessment of plaintiff's ability to work (the assessment on which the vocational expert's opinion was based), the ALJ did not err in relying exclusively on the Grids. And, inasmuch as plaintiff has pointed to no law or evidence calling for a different conclusion, I find the ALJ's determination that plaintiff was not disabled is supported by substantial evidence. Consequently, the Appeals Council committed no error in denying plaintiff's request for review of the ALJ's decision, and the determination of the Commissioner should be upheld. A final judgment consistent with this opinion will be entered.

**THIS**, the 31st day of March, 2006.

/s/ Eugene M. Bogen
**U. S. MAGISTRATE JUDGE**